*United States v. Ventura*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand eighteen.

PRESENT:   PETER W. HALL,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
           JANE A. RESTANI,
                *Judge.**

_____

United States of America,

                *Appellant*,

           v.                                              No. 17-3904-cr

Saba Rosario Ventura,

                *Defendant-Appellee.*

_____

*Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

For Appellant:                                    FRANK TURNER BUFORD, Assistant United
                                                  States Attorney (David C. James, Assistant
                                                  United States Attorney, *on the brief*) *for*
                                                  Richard P. Donoghue, United States Attorney
                                                  for the Eastern District of New York,
                                                  Brooklyn, New York

Appellee:                                         S. ISAAC WHEELER, Federal Defenders of
                                                  New York, New York, New York


This is an appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** to the district court for further proceedings consistent with this order.

The government appeals the November 3, 2017 decision of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*) ordering that either the government release Defendant-Appellee Saba Rosario Ventura on bond conditions previously set by the court or that the indictment charging Ventura with illegal reentry in violation of 8 U.S.C. § 1326 be dismissed with prejudice. We have carefully reviewed the district court's order. We are unable to determine whether its decision rested on a finding that Ventura's continued detention by U.S. Immigration Customs and Enforcement ("ICE") following entry of the district court's order releasing Ventura under the Bail Reform Act ("BRA") was pretextual, in bad faith, or otherwise undertaken with the illegitimate purpose of detaining Ventura for criminal prosecution and not to effectuate his removal. We decide, therefore, that a *Jacobson* remand for the purpose of

2

supplementing the record on this sole issue is appropriate. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

On April 7, 2017, Ventura arrived in the United States at John F. Kennedy International Airport and was taken into custody after U.S. Customs and Border Protection ("CBP") determined that he was a citizen of the Dominican Republic who had been previously removed from the United States. Ventura was paroled for prosecution and charged with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). At the same time, ICE lodged a detainer against him. After the magistrate judge, over the government's objection, ordered Ventura released pending trial on his reentry charge, Ventura was transferred to ICE custody and charged with removability under the Immigration and Nationality Act ("INA"). Ventura then filed a motion in the district court asking the court to compel ICE to release him pursuant to the conditions set by the magistrate judge or, in the alternative, to dismiss the indictment with prejudice. The district court granted Ventura's motion, holding that "the Bail Reform Act ["BRA"] provides the exclusive means by which the Government may detain a removable alien pending trial in a criminal case." *United States v. Ventura*, No. 17-CR-418 (DLI), 2017 WL 5129012, at \*2 (E.D.N.Y. Nov. 3, 2017) (quotation marks omitted). After the government advised the district court that ICE was not prepared to release Ventura, the district court entered an order dismissing the indictment with prejudice.[1]

---

[1] Ventura subsequently filed a petition for a writ of *habeas corpus* in the United States District Court for the Southern District of New York, which the district court granted, holding that Ventura was entitled to a bail hearing before an immigration judge pursuant to this court's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), *cert. granted, judgment vacated*, 138 S. Ct. 1260 (2018), because he had been detained for more than six months. An immigration judge set a $15,000 bond for Ventura's release. Ventura paid the bond and was, and remains, released.

The government seeks reversal of the district court's decision and an order from this Court effectively reinstating the indictment and allowing the criminal prosecution to proceed. It argues that the district court erred in holding that an order of release under the BRA supersedes ICE's authority to detain Ventura pursuant to the INA and that the district court therefore lacked a valid basis for dismissing the indictment. Appellant's Br. at 12. The parties also dispute whether the government improperly used the ICE detainer to circumvent the district court's order under the BRA to secure Ventura's detention pending resolution of his criminal charges.

Neither side asserts that the BRA categorically prevents the Department of Homeland Security ("DHS") from exercising its independent statutory authority to detain an arriving noncitizen pending removal. Indeed, during the proceedings which preceded the district court order under review, Ventura expressly declined to challenge DHS's authority to pursue parallel removal proceedings. Moreover, as counsel for Ventura acknowledged at oral argument, "[W]e do not contend that ICE is powerless to initiate a removal proceeding against someone once they have a pending federal criminal case," and "the removal proceeding itself does not violate Mr. Ventura's rights under the Bail Reform Act[.]" Oral Arg. Tr. at 17:8-10, 17:15-17. Instead, when asked at oral argument to define the rule that Ventura asks this Court to articulate, counsel responded that "where, as here, a district court has made a finding justified on the circumstances before her that the purpose of ICE custody was not to effectuate removal but to hold Mr. Ventura pending prosecution, that she acted within her supervisory authority to ask the government to either choose to forego the prosecution or effectuate his release." Oral Arg. Tr. at 24:1-7.

The district court noted that the government had indicated that it was unable to specify the precise reason ICE may have detained Ventura. 2017 WL 5129012, at *3. We are unable to

4

determine, however, whether the district court made an express finding that Ventura's detention by ICE constituted a pretextual, bad faith, or otherwise wrongful detention in contravention of the magistrate judge's order under the BRA.  *Cf. Bertrand v. Sava*, 684 F.2d 204, 212 (2d Cir. 1982) (courts will not disturb Attorney General's decision to deny parole to unadmitted aliens detained pending consideration of their exclusion and applications for political asylum so long as the Attorney General does not "depart without rational explanation from established policies" so as to negate the exercise of discretion as "legitimate and bona fide" (quotation marks omitted)). Accordingly, we direct the district court to clarify, and explicate its rationale therefor, whether its observation that DHS's continued detention constituted an "affront to the mandates of the Bail Reform Act," and a potential "attempt to obviate the bond determination of this Court," *id*., was tantamount to a finding of pretext or bad faith such that the ICE detention constituted a direct violation of the magistrate judge's order.  Upon the district court's issuance of such explanation, the parties shall so inform this Court by letter and this matter shall be restored to this Court's active docket, without the filing of a new notice of appeal.

For the foregoing reasons, we hereby **REMAND** the case to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5